IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

v.                                                          Case No. 3:07cr57/MCR/CJK

**JOHN PETER MIKHAEL,**
    **Defendant**.

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's "Motion for Statement of Reasons" (doc. 368), wherein defendant, who was member to a criminal drug trafficking conspiracy, seeks modification of the statement of reasons entered by the district court upon his September 2007 sentencing for conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana (doc. 227). Defendant maintains that the federal Bureau of Prisons ("BOP") has violated his rights by classifying him as "violent," presumably in consideration of a two-level firearm enhancement imposed at sentencing. (Doc. 368, pp. 2-3). Defendant concludes that the "violent" designation has rendered him ineligible to participate in a residential drug abuse program ("RDAP") and enjoy the benefit of a corresponding reduction in sentence upon successful completion of the program. (Doc. 368, p. 2).

The Bureau of Prisons "has broad authority to manage the enrollment of prisoners in drug abuse treatment programs." *United States v. Jackson*, 70 F.3d 874, 878 (6th Cir. 1995). Accordingly, "BOP has full and broad discretion to determine which prisoners are eligible for the RDAP and which inmates may enter the RDAP."

*Martin v. Sanders*, No. 2:06CV00112 JLH-JFF, 2006 WL 2079843, at *3 (E.D. Ark. July 10, 2006). Moreover, "BOP possesses substantial discretion in determining who is eligible for early release upon completion of the drug treatment program and how early the release should be." *United States v. Lopez-Salas*, 266 F.3d 842, 847 (8th Cir. 2001) (*citing Lopez v. Davis*, 531 U.S. 230 (2001)). But contrary to defendant's suggestions, "[p]risoner classification and eligibility for rehabilitation programs in federal prisons are not directly subject to 'due process' protections." *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995) (*citing Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976)). Rather, a prisoner "does not have a liberty interest in participating in the residential drug abuse treatment program and receiving a reduction of his sentence upon successful completion of the program because the Bureau of Prisons has discretionary authority to decide who participates in the program and of those participants, who is eligible for a sentence reduction" pursuant to 18 U.S.C. § 3621(e)(2)(B) (providing for reduction in sentence upon successful completion of RDAP). *Pacheco v. Lappin*, No. 05-C-141-C, 2005 WL 752269, at *4 (W.D. Wis. Mar. 30, 2005); *see also Cook v. Wiley*, 208 F.3d 1314, 1322-23 (11th Cir. 2000) (holding § 3621(e)(2)(B) does not create a constitutionally protected liberty interest in early release); *Venegas v. Henman*, 126 F.3d 760, 765 (5th Cir. 1997) ("The loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest.").

In *Lopez v. Davis*, 531 U.S. 230, 234-35 (2001), the Court held specifically that BOP has discretion to determine eligibility for RDAP, and may exercise its discretion to deny RDAP entry to a prisoner whose offense of conviction involved a firearm.

Regarding prisoners deemed eligible to participate, the Court confirmed BOP's authority to determine whether a sentence reduction is appropriate. *See id.* at 235. Here, defendant identifies no authority such as might countenance this court's intrusion into a matter plainly subject to the discretion of the Bureau of Prisons. Further, defendant points to no administrative findings suggesting what factors BOP considered in resolving his eligibility for residential drug treatment. In other words, the record offers no reason to believe that BOP, in making the eligibility determination, relied on the statement of reasons (doc. 227) with which defendant now takes issue. Consequently, it is not apparent that modification of the statement of reasons would make any material difference in the disposition of his RDAP applicancy. Having failed to establish a factual predicate necessitating judicial intervention, or the authority of the court to so interpose itself between BOP and its charges, defendant asserts no basis upon which relief can be granted.

Accordingly, it is respectfully RECOMMENDED:

The "Motion for Statement of Reasons" (doc. 368) be DENIED.

At Pensacola, Florida, this 16th day of August, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**